# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMANDA A. SHEPARD,

        Plaintiff,

v.                                        Case No. 25-CV-1549

BROWN COUNTY DHS, and
BROWN COUNTY CPS,

        Defendants.

# ORDER

Amanda A. Shepard, proceeding pro se, filed a complaint on October 9, 2025, naming "Brown County DHS, CPS" as a defendant. (ECF No. 1.)

"[D]istrict courts are permitted to screen every complaint, regardless of a plaintiff's fee status." *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (citing 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

Shepard's complaint is a collection of unclear allegations. She alleges, in part, "My son was abducted and I was falsely incriminated. Everything about the situation is illegal and literally put on black and white paperwork, this social worker is more concerned about the toxic rage baiting and manipulation." (ECF No. 1 at 1-2.) Her complaint closes, "I feel like I am being discriminated from my child because CPS is trying an effort to cover their mistakes the first altercation back in 2020. I feel like

my son has been deemed a gateway financial ginea (sic) pig which they are referring to be autism." (ECF No. 1 at 3.)

Federal courts have limited jurisdiction. This means they can hear only certain sorts of claims, *see, e.g.*, 28 U.S.C. § 1331 (allowing federal courts to hear disputes arising under federal law), or claims under particular circumstances, *see, e.g.*, 28 U.S.C. § 1332(a) (allowing federal courts to hear disputes between citizens of different states when the amount in controversy is more than $75,000).

Having reviewed Shepard's complaint, the court cannot discern a plausible claim for relief. Because it is clear that she has failed to state a claim for which the court may grant relief, the court must dismiss her complaint.

One category of claims that federal courts routinely consider are claims that a person, acting under color of state law, violated the plaintiff's constitutional rights. 42 U.S.C. § 1983. Such claims may arise from instances where a government child protective agency removes a child from a parent's custody. *See, e.g., Mabes v. Thompson*, 136 F.4th 697 (7th Cir. 2025); *Gilbank v. Wood Cty. Dep't of Hum. Servs.*, 111 F.4th 754 (7th Cir. 2024). However, Shepard does not present details that could give rise to a plausible claim that the defendant violated a constitutional right. Notably, she does not point to any constitutional right that anyone allegedly violated.

The court will give Shepard an opportunity to file an amended complaint. However, in an effort to head-off potential problems, the court highlights just a few of the potential procedural hurdles that she may encounter. Shepard must consider

2

whether, in light of these issues, she has a viable cause of action that she wishes to pursue.

First, a federal district court cannot undo the judgment of a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In simple terms this means that if a state court ordered one thing, a federal court cannot order something else. "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the Rooker-Feldman doctrine." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003).

Second, if Shepard intends to allege that a defendant violated a constitutional right, a claim under § 1983 may be asserted only against a "person." A municipality or municipal agency may be a "person," but it is liable only for its own official actions in the form of its policies or customs or actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). It is not liable merely because one of its employees allegedly violated the plaintiff's constitutional rights. *Id.*

Third, individuals accused of violating a plaintiff's constitutional rights are entitled to assert qualified immunity. *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)). Although a plaintiff need not plead around the affirmative defense of qualified immunity, litigants routinely consider the applicability of qualified immunity in deciding whether to bring a claim and if so, which persons to name as a defendant.

Fourth, a complaint must provide a basis for the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a request for relief. Fed. R. Civ. P. 8(a). This means that the complaint must contain enough detail so it is clear to the court and the defendants who allegedly did what, but also that the complaint is not so long as to be unclear.

**IT IS THEREFORE ORDERED** that Shepard's complaint is **dismissed** for failure to state a claim. Shepard may file an amended complaint within **21 days** of the date of this order. Any amended complaint fully takes the place of the original complaint and therefore must be complete without reference to or an attempt to incorporate any prior filing. The Clerk shall provide Shepard with a copy of the court's standard complaint form. **<u>Failure to timely file an amended complaint will result in this action being dismissed.</u>** If Shepard no longer wishes to continue with this action she must promptly notify the court.

Dated at Green Bay, Wisconsin this 14th day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge