UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMANDA A. SHEPARD,

           Plaintiff,

v.                           Case No. 25-CV-1549

BROWN COUNTY DHS, and
BROWN COUNTY CPS,

           Defendants.

## DECISION AND ORDER

      Amanda A. Shepard, proceeding pro se, filed a complaint on October 9, 2025, naming "Brown County DHS, CPS" as a defendant. (ECF No. 1.) The court screened the complaint and concluded that it failed to state a claim for relief. *Shepard v. Brown Cty. DHS*, No. 25-CV-1549, 2025 U.S. Dist. LEXIS 202258 (E.D. Wis. Oct. 14, 2025). Therefore, the court ordered Shepard to file an amended complaint within 21 days. In doing so, the court discussed at some length the limits of federal court jurisdiction, what a plaintiff must allege to state a claim, and certain common claims. *See id.*

      Shepard has filed an amended complaint. (ECF No. 4.) She states she does not understand why the court dismissed her complaint because she has everything documented. It appears that Shepard is upset about various matters related to her son, but the amended complaint is difficult to follow.

As the court noted previously, federal courts have limited jurisdiction. This means they can hear only certain kinds of claims and only under certain circumstances. Federal courts are not forums for resolving all manner of grievances. Not every gripe, grievance, complaint, or dissatisfaction adds up to a federal lawsuit. A person may have valid and serious problems that a federal court simply is not able to remedy. To present a lawsuit, a plaintiff must comply with certain procedures and formalities. The plaintiff must be able to show that whatever wrong or injustice she allegedly suffered fits within a recognized cause of action. Not every wrong adds up to a cause of action that can lead to a federal court granting relief.

The court understands that Shepard alleges that she has suffered mistreatment or unfairness. However, she has not alleged a recognized and plausible claim for which a federal court may grant relief. It is not appropriate for the court to guess about what Shepard might be trying to allege or to attempt to take what she says and repackage it into a recognized claim. In other words, the court cannot write a complaint for a plaintiff.

Having closely reviewed both Shepard's original and now amended complaint, the court cannot identify any plausible claim for relief. Having now twice failed to present anything approaching a plausible claim, the court is obligated to dismiss Shepard's amended complaint and this action.

**IT IS THEREFORE ORDERED** that Shepard's amended complaint and this action are **dismissed** for failure to state a claim upon which relief can be granted.

The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 30th day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
